**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ENRIQUE MORALES,<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| NAIVE MELODY 24 LLC<br>    d/b/a MARIAN'S and<br>CHRISTIAN ROWAN, | |
| Defendants. | |

---

Plaintiff ENRIQUE MORALES ("Plaintiff MORALES" or "Plaintiff"), on behalf of

himself and others similarly situated, by and through his undersigned attorneys, hereby files this

Class and Collective Action Complaint against Defendants, NAIVE MELODY 24 LLC d/b/a

MARIAN'S ("Corporate Defendant"), and CHRISTIAN ROWAN ("Individual Defendant,"

together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages due to time shaving; (2) illegally retained gratuities; (3) liquidated damages; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving; (2) unpaid minimum wages due to an invalid tip credit; (3) illegally retained gratuities; (4) compensation for late payment of wages; (5) statutory penalties; (6) liquidated damages; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff ENRIQUE MORALES is a resident of Richmond County, New York.

6.      Corporate Defendant NAIVE MELODY 24 LLC d/b/a MARIAN'S is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 11 Mercer Street, Apt. 5B, New York, NY 10013, and principal place of business located at 24 Greenwich Avenue, New York, NY 10011.

7.      Individual Defendant CHRISTIAN ROWAN is the Chef Owner and Principal Corporate Defendant. CHRISTIAN ROWAN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. CHRISTIAN ROWAN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of

Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to CHRISTIAN ROWAN regarding any of the terms of their employment, and CHRISTIAN ROWAN would have the authority to effect any changes to the quality and terms of their employment. CHRISTIAN ROWAN ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. CHRISTIAN ROWAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

8.      At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

9.      Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 1 6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to support staff, delivery persons, waiters, servers, bartenders, barbacks, runners, and bussers, among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.      At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages due to time shaving, and tips due to Defendants illegally retaining gratuities. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, behalf of all non-exempt employees, including but not limited to support staff, delivery persons, waiters, servers, bartenders, barbacks, runners, and bussers, among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay wages, due to time shaving; (ii) failing to pay the proper minimum wage due to an invalid tip credit; (iii) illegally retained gratuities; (iv) late payment of wages; (v) failing to provide wage notices to Class Members, at date of hiring and dates of all wage changes; and (vi) failing to provide Class Members with proper wage statements with every payment of wages, per requirements of the NYLL.

18.     More specifically, with regard to Plaintiff and Class Members, Defendants also failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Class Members suffered from Defendants' failure to pay them the minimum wage due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty (20%) of the total hours worked each workweek; (iii) improperly including hostesses who did not serve customers in the tip pool; (iv) illegally retained tips; (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep

track of daily tips earned and maintain records thereof.

19.     Defendants illegally retained gratuities because managers allowed hostesses, who did not service customers, to be part of the tip pool and pocket the tips.

20.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a)    Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

   b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

   c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

7

d)  Whether Defendant properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

e)  Whether Defendants paid Plaintiff and Class Members for all hours worked given Defendants' policy of time shaving;

f)  Whether Defendants properly compensated Plaintiff and Class Members the proper minimum wage under the NYLL;

g)  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h)  Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

i)  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding two (2) hours or twenty percent (20%) of each shift;

j)  Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

k)  Whether Defendants allowed employees to retain any portion of the gratuities from their other tipped employees;

l)  Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL;

m)  Whether Defendants paid Plaintiff and Class Members their lawful wages in a timely manner;

n)   Whether Defendants provided wage notices, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

o)   Whether Defendants provided proper wage statements for each pay period.

## STATEMENT OF FACTS

25.     In or around November 2021, Plaintiff MORALES was hired by Defendants to work as a support staff for Defendants' Marian's restaurant, located at 24 Greenwich Avenue, New York, NY 10011. Plaintiff's employment was terminated on or around June 3, 2022.

26.     Plaintiff's duties including busing tables and running food. Plaintiff and Class Members were all engaged in physical work and must be classified as manual workers, regardless of job actual job titles.

27.     Throughout Plaintiff MORALES's employment with Defendants, Plaintiff was scheduled to work from 4:45 p.m. to 10:30 p.m. for four (4) days a week, for a total of twenty-three (23) hours per week. Class Members worked similar hours each week.

28.     Throughout Plaintiff MORALES's employment, Plaintiff was paid at an hourly rate of ten dollars ($10.00) per hour. Class Members were paid at similar rates.

29.      Throughout his employment with Defendants, Plaintiff was not compensated for all hours worked due to Defendants' policy of time shaving. Plaintiff was subject to a thirty (30) minute meal break deduction every day. However, meal time was not free and clear, and Plaintiff was interrupted and required to work through his meal breaks on a daily basis, either polishing silverware or bussing tables. As a result, Plaintiff was time shaved a total two (2) hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving by deducting for meal breaks which were not free and clear.

30.     Plaintiff and Class Members were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff and Class Members, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty (20%) of the total hours worked each workweek, (iii) improperly including hostesses who did not serve customers in the tip pool; (iv) illegally retained tips, (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

31.     Plaintiff and the Class Members were also required to engage more than two (2) or twenty percent (20%) of their shifts in non-tipped related activities, including polishing glassware and utensils; and stocking supplies. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding two (2) or twenty percent (20%) of their shifts, Defendants improperly claimed tip credit for all hours worked by tipped employees.

32.     Plaintiff and the Class Members suffered from Defendants' retention of gratuities. Defendants allowed for hostesses who did not serve clients to be part of the tip pool.

33.     From the start of Plaintiff's employment until in or around March 2022, Defendants regularly failed to pay Plaintiff his wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i).[1] Defendants would provide Plaintiff with checks every two (2) weeks. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

34.     Defendants failed to provide Plaintiff and the Class Members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

35.     Plaintiff and Class Members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statements that reflected all hours worked. In other words, Plaintiff and Class Members did not receive proper wage statements, as their statements failed to accurately reflect their proper compensation.

36.      Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members their proper wages due to time shaving.

37.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff, and Class Members. Defendants were not entitled to claim any tip credits under NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of illegally retaining gratuities from Plaintiff, FLSA Collective Plaintiffs, and Class Members, in violation of the FLSA and NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class Members their wages within seven (7) days of the end of the week in which they earned them, in violation of the NYLL.

40.     Defendants knowingly and willfully operated their business with a policy of not providing wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

11

41.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

42.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

43.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

44.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

47.     At all relevant times, the Defendants had a policy and practice that failed to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to time shaving.

48.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their proper tips due to illegally retained gratuities by hostesses who did not serve customers.

49.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by allowing hostesses to illegally retain a portion of gratuities earned.

50.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiff and FLSA Collective Plaintiffs for every hour they worked.

52.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time shaving; damages representing disgorgement of illegally retained tips; plus an equal amount as liquidated damages.

55.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

56.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

57.     At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

58.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages due to time shaving.

59.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the proper minimum wages. Defendants were not entitled to claim any tip credits.

60.     At all relevant times, Defendants showed a willful disregard for the provisions of the NYLL by allowing hostesses, who did not serve customers, to illegally retain a portion of gratuities earned.

61.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

62.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with wage notices, at date of hiring and at dates of all wage changes thereafter, as required under the NYLL.

63.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the

NYLL. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not accurately reflect all hours worked by Plaintiff and Class Members.

64.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages due to time shaving; unpaid minimum wages due to an invalid tip credit; damages representing disgorgement of illegally retained tips; damages for unreasonably delayed payments; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

    b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.  An award of unpaid wages due to time shaving due under the FLSA and NYLL;

    d.  An award of unpaid minimum wages due to Defendants' invalid tip credit policy under the NYLL;

    e.  An award equal to the amount of the improperly retained tips withheld by Defendants;

    f.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

g. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

h. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a Class Action pursuant to FRCP 23;

k. Designation of Plaintiff as a Representative of Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 16, 2022

Respectfully submitted,
By: ___ */s/ C.K. Lee* _____
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*